**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

July 18, 2018

**BY ECF AND HAND**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street, Room 1020
New York, New York 10007

Re:  United States v. Willie Nesmith
     S2 18 Cr. 134 (PKC)

Dear Judge Castel:

I respectfully write on behalf of my client, Willie Nesmith, in anticipation of his sentencing hearing scheduled for August 1, 2018. For the reasons set forth more fully below, we urge the Court to impose a sentence of 24 months incarceration. Counsel has not yet seen the Final PSR and Probation Recommendation. Pursuant to the Court's Rules, we are filing our submission as required two weeks in advance of sentencing.

Mr. Nesmith entered a guilty plea to Conspiracy to Possess With Intent To Distribute a Firearm. We agree with the Guidelines calculations set forth in the plea agreement and the Presentence Report ("PSR"), which finds that Mr. Nesmith's recommended Guidelines Range is 46 to 57 months. However, we ask the Court to impose a downward variance based on ████████████████████ ████████████████████████████████████████████████ ██████████████████████ (2) Mr. Nesmith's criminal history, though calculated accurately, reflects an enhanced offense level and Criminal History Category based on a 33 year old conviction from 1986, which inflates his Guidelines calculation and overstates his criminal history; and (3) Mr. Nesmith's personal history and characteristics. These factors demonstrate that a sentence below the Guidelines Range meets the Court's mandate to impose a sentence that is "sufficient, but not greater than necessary," to meet the goals of the Sentencing Reform Act. See 18 U.S.C. §3553(a).

Honorable P. Kevin Castel  
United States District Judge  
Southern District of New York  
500 Pearl Street, Room 1020  
New York, New York 10007

July 18, 2018  
Page 2

Re: <u>United States v. Willie Nesmith</u>  
    S2 18 Cr. 134 (PKC)

## Background Information

Willie Nesmith is currently 53 years old. He had a troubled childhood in which he was in and out of group homes starting at age 10 and suffered from mental health issues. Prior to his commitment he was being raised by his grandmother. It is not surprising that given such instability and lack of youthful guidance, he was arrested numerous times at ages 16 and 19 for serious crimes. In addition to his commitment to various group homes, he was also subject to involuntary court ordered commitments for psychiatric problems, essentially stemming from several suicide attempts. ▮

Mr. Nesmith never finished high school, but he did achieve his GED in 1997, while incarcerated. Although he was unemployed at the time of his arrest, he was supporting himself through SSI payments due to his mental illness.

Mr. Nesmith's last significant jail sentence was in 2006, for a violation of parole. He was incarcerated for 9 months. For the past 11 years, prior to the instant offense, he had just two minor arrests for drug charges. The last arrest was 7 years ago, in 2011.

Mr. Nesmith admitted his involvement in the sale of a firearm to a confidential source and entered a guilty plea to the sole count in the superceding information, Conspiracy to possess with intent to sell a firearm.

## A Downward Variance Is Warranted



Honorable P. Kevin Castel            July 18, 2018
United States District Judge         Page 3
Southern District of New York
500 Pearl Street, Room 1020
New York, New York 10007

Re: <u>United States v. Willie Nesmith</u>
    S2 18 Cr. 134 (PKC)



B. <u>Offense Level And Criminal History Category Are Overstated Based On A Conviction which Is 33 Years Old</u>

In 1985, when Mr. Nesmith was just 19 years old, he was charged with two robberies. He is now 53 years old. He was sentenced to a lengthy prison term from which he was released in 2001, approximately 17 years ago. He was placed on parole and violated parole in 2006, for which he served nine months in jail. He was released again in 2007, approximately 11 years ago.

We agree that this conviction, despite its age, warrants criminal history points because under the rules of exclusion, set forth in U.S.S.G. Section 4A1.2(e)(1), the parole violation resulted in his incarceration within 15 years of the instant offense. However, this conviction increased his Criminal History category from Category II, to Category III. It also increased his offense level from a base level of 14 to a base level of 20, because the conviction was for a crime of violence. If the 33 year old robbery had not been counted for criminal history points, the base offense level would have been 14, <u>See</u> Section 2K2.1 Application Note 10. (The 6 level enhancement from 14 to 20 only applies if the conviction is counted for criminal history points.)

If Mr. Nesmith's 33 year old conviction had not counted for points, his Guidelines Range would have been 14 + 4 = 18, Minus 3 points for acceptance = level 15, and his criminal History category would have been II. His Guidelines Range would have been 21 - 27 months incarceration. We acknowledge that nevertheless, the 33 year old conviction does count, and the calculated Guidelines Range is accurate. However, the Guidelines have

Honorable P. Kevin Castel  
United States District Judge  
Southern District of New York  
500 Pearl Street, Room 1020  
New York, New York 10007

July 18, 2018  
Page 4

Re: <u>United States v. Willie Nesmith</u>  
S2 18 Cr. 134 (PKC)

attempted to exclude convictions that are otherwise remote, by placing applicable time limitations on their use. A 33 year old conviction, occurring when a 53 year old man was just 19 years old, should warrant consideration for a variance.

The Guidelines "expressly empower the district court to depart from the range of sentences prescribed for a criminal history category that inaccurately captures the defendant's actual history of criminal conduct." <u>Nichols v. United States</u>, 114 S.Ct. 1921, 1930 (1994) (Souter, J., concurring). That authorization is contained in USSG § 4A1.3, which provides for a downward departure "where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes."

In addition, the staleness of a prior conviction which increases an offense level has been acknowledged to warrant a downward variance to mitigate the effects of a stale conviction. <u>See</u> <u>United States v. Amezcua-Vasquez</u>, 567 F.3d 1050, 1055 (9th Cir. 2009); <u>United States v. Chavez-Suarez</u>, 597 F.3d 1137, 1138 (10th Cir. 2010). Although these cases were decided in the context of illegal re-entry, each discussed the application of an enhanced offense level for a crime of violence, where the prior case was more than 20 years old. Like the decision in those cases, Mr. Nesmith has had no other crimes of violence in the intervening 33 years prior to the instant offense. In <u>Amezcua-Vasquez</u>, the Ninth Circuit held that a within Guidelines sentence was substantively unreasonable "because of the staleness of [the defendant's] prior conviction and his subsequent history showing no convictions for harming others or committing other offenses listed in Section 2L1.2" <u>Id</u>. at 1055. Because the defendant's prior convictions "were very old and unrepresentative of [his] characteristics during the past many years, ... the Guidelines calculation yielded a sentence exceeding what was reasonable under § 3553(a)." <u>Id</u>. at 1056. <u>See Also</u> <u>Chavez-Suarez</u>, 507 F.3d at 1138 ("We agree with the Ninth Circuit that the staleness of an underlying conviction may, in certain instances, warrant a below-Guidelines sentence.").

Honorable P. Kevin Castel  
United States District Judge  
Southern District of New York  
500 Pearl Street, Room 1020  
New York, New York 10007

July 18, 2018  
Page 5

Re: **United States v. Willie Nesmith**  
    **S2 18 Cr. 134 (PKC)**

C.  Section 3553(A) Factors

Unlike his early teenage years, when almost all of Mr. Nesmith's criminal conduct occurred, in the past 7 years, he has achieved a measure of stability in his life. He was not using drugs anymore, and was in a very stable relationship with his girlfriend, Hedy Rodriguez. She is a teacher and continues to remain supportive of Mr. Nesmith. Admittedly, his conduct in the instant offense was a departure from his road to rehabilitation. Mr. Nesmith deeply regrets this conduct.



As set forth above, Mr. Nesmith's teenage years, from about age 15 to age 19, were marked by violent criminal conduct; and designation to group homes. That part of his life is behind him. Four arrests for crimes of violence occurring between the ages of 16-19, from 33-36 years ago, do not reflect who Mr. Nesmith is now, or who he hopes to be in the future.

Letters to the Court from Mr. Nesmith's mother and girlfriend sheds light on how far he has grown since those tumultuous teenage years. See Defense Exhibit A.

Hedy Rodriguez spoke with Probation and also has written to the Court about how sensitive, protective and helpful Mr. Nesmith was during the period of time that she suffered from Alopecia (intense hair loss). It was a traumatic time in her life. His support and care were invaluable. He made sure that she took her medications, assisted her in the home, and took her to all medical appointments. He also acts like a father figure to her children.

Honorable P. Kevin Castel  
United States District Judge  
Southern District of New York  
500 Pearl Street, Room 1020  
New York, New York 10007

July 18, 2018  
Page 6

Re: <u>United States v. Willie Nesmith</u>  
    S2 18 Cr. 134 (PKC)

Marguiree Nesmith Williams, also wrote to the Court. She is Mr. Nesmith's mother. She writes about how strong Mr. Nesmith was when his father was diagnosed with throat cancer in 2012. He came to stay with his parents in South Carolina in order to care for his father and support his mother. His father was diagnosed with prostate cancer in 2015, and again Willie was there for his parents. Despite the fact that Mr. Nesmith was not employed, he always managed to assist his parents with some of his own income.

## CONCLUSION

Mr. Nesmith has struggled to overcome a difficult childhood, ███████████████████████████████ a violent but relatively brief period of criminal conduct between the ages of 16-19 years old. As set forth above, his current Guidelines calculations are inflated because of a 33 year old conviction.



Although any one factor identified above may not warrant a downward variance, the combination of factors warrants such consideration. A sentence of 24 months is a substantial sentence, which addresses the issue of deterrence but credits the numerous factors under Section 3553(a). It fulfills the Court's mandate to impose a sentence that is "sufficient, but not greater than necessary," to meet the goals of the Sentencing Reform Act.

Respectfully submitted,

Robert M. Baum  
Assistant Federal Defender

cc: Mollie Bracewll  
    Assistant United States Attorney

# EXHIBIT A

Dear Honorable Judge P. Kevin Castel:

My name is Marguiree Nesmith Williams, and I am the mother of Willie Nesmith. I live in South Carolina with my husband James. I am a retired factory worker. I write to let you know how important Willie is to me and how much I hope that he can be home soon.

Since Willie was released in 2001, he has been doing really well for himself. He has not been in any kind of serious trouble and I could tell how hard he was trying to make things right in his life. He was so young when he went away, and he was 37 years old when he came home. It would not be wrong to think that life had already passed him by. He had spent over a decade in prison, and it would be easy for someone in his position to give up. But Willie didn't give up on life. In all that time, he was trying his best to live a productive and meaningful life.

Willie and I have had a very good relationship over the years. His father and I are both elderly now, and we need our children around for help. Even though Willie lives in New York and we are down south, he would come visit often and make sure that we are doing okay. He would always save some of his income for us to help pay off bills.

In 2012, Willie's father was diagnosed with throat cancer. Willie was very hurt and felt down about his father's illness. Willie cared very deeply for him and he wanted to make sure he had the care he needed to make it through. Willie came down and stayed with us during this time to be at his father's side. He nursed his father and helped him fight off the cancer. Then, Willie's father was diagnosed again with prostate cancer in 2015, and again Willie was there to help his dad fight off the cancer. I truly believe that were it not for Willie's support and his selflessness, his father would not have made it through these ordeals.

It has been hard for me and his father with Willie being incarcerated. I was used to speaking with him every day by phone, and now I can't speak with him as often. We are old now. We miss him dearly, and I hope that he can be home soon so that we can spend time together.

I know that my son wants to change. I saw this change in him from the time he was released in 2001, and I think what he needs most is the support of his family and professionals to make sure he continues on the right path. I do not want to leave this world while my son is locked up and can't come to my funeral or his father's funeral. I ask that you please consider leniency for Willie for my sake and his. His father and I are both elderly and we would like to see our son again before we pass on. I will continue to encourage him and advise him, like any mother, until the day I die. I thank you for reading this letter and taking it into consideration.

Sincerely, *Marguiree Nesmith Williams*

Marguiree Nesmith Williams

Dear Honorable Judge P. Kevin Castel:

    Hello, my name is Hedy Rodriguez, and I am the girlfriend of Willie Nesmith. I write to you in advance of sentencing, with hopes that you can will take my thoughts about Willie into consideration.

    I work as a program aide in the Head Start program. Mr. Nesmith and I have been together for six years now. Since we have been together, Willie has been there for me mentally and emotionally. He has provided me with so much stability and support over the years, and I really need him in my life.

    A few years ago, I was diagnosed with Alopecia, which is intense hair loss. I lost my eyebrows, eyelashes, and my hair. I had to put on fake eyelashes, draw on eyebrows and put on wigs whenever I was outside. It was a really hard time for me because I lost a lot of confidence and felt horrible about myself. I was ashamed and didn't even want to tell Willie what was happening to me. I thought that Willie would leave me. But when he found out, it didn't change at all how he felt towards me. Willie never left my side and continued to be supportive and caring. He would come with me to doctors' appointments and make sure I take my medication. Whenever I was feeling down, he was the one who helped me find my beauty and instilled confidence in me. I will be forever grateful towards Willie.

    Since I have known him, Willie has always been a protective, caring and supportive partner towards me, my children and my family. He is like a father figure towards my children. They love him to death, and even though they are now older, they still look up to Willie and ask him for advice in their life. Willie cooked for the family and took care of the house. He was also working hard to find a job, and he was lucky enough to earn an opportunity to work construction. Unfortunately, that opportunity vanished when he went into custody.

    Willie plays a major role in my life and not having him by my side has been hard. He is like my other half, and it feels like I am only half complete without him around. Willie used to pick me up from work and care for me in ways that I can't care for myself. He is my best friend, and I miss him. It has been hard for me to visit Willie because I work during visiting hours and I can't get time off easily. It is also very hard for me to see him in such a position. It has also been hard for my kids to not have Willie around. We used to get meals together, all of us, and during

those meals, they would ask Willie for advice. Without Willie, we don't have family meals like that anymore because a big part of our family is missing. I look forward to him being back with his family, with us.

I know that Willie made a bad decision, but I also know that he wants to do better for himself and not be in this position again. Before his arrest, Willie was looking for a job and he had finally found a construction job. From speaking with Willie and seeing how distraught he is about his current situation, I can tell he wants to be with his family, living a productive life. We had plans to get married and to officially be a family again, and I know that's still what he wants. I hope that you will take what I have said into consideration and I would like to thank you for your time.

Thank you,


Hedy Rodriguez